```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       JACKSON DIVISION
```

**MICHAEL O. MULLEN**                                               **PLAINTIFF**

**VS.**                                  **CIVIL ACTION NO. 3:05cv566-WHB-JCS**

**FIRST STUDENT, INC.**                                             **DEFENDANT**

## OPINION AND ORDER

This cause is before the Court on the Motion of Defendant for Summary Judgment. The Court has considered the Motion, Response, Rebuttal, attachments to each, as well as supporting and opposing authorities, and finds that the Motion is well taken and should be granted.

### I. Factual Background and Procedural History

On May 9, 2005, at approximately 3:30 p.m., Plaintiff Michael O. Mullen ("Mullen") was riding a bicycle, against the flow of traffic, on Highland Colony Parkway in Madison, Mississippi. Mullen alleges that he sustained severe personal injuries when he was forced off the road by a school bus that was owned/operated by Defendant First Student, Inc. ("First Student"). First Student provides busing services for Madison Central High School, which is located on Highland Colony Parkway.

On August 5, 2005, Mullen filed a negligence action against First Student in the Circuit Court for the First Judicial District

of Hinds County, Mississippi. The lawsuit was timely removed to this Court on the basis of diversity of citizenship jurisdiction.[1] First Student now moves for summary judgment on Mullen's claims.

## II. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also, Moore v. Mississippi Valley State Univ., 871 F.2d 545, 549 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir. 1988).

---

[1] Mullen is a citizen of the State of Mississippi, First Student is a Florida corporation with its principal place of business in the State of Ohio, and Mullen does not dispute that he seeks greater than $75,000 through his personal injury claims. Accordingly, this Court may properly exercise subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.

2

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The movant need not, however, support the motion with materials that negate the opponent's claim. Id. As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. Id. at 323-24. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." Kennett-Murray Corp. v. Bone, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial. National Screen Serv. Corp. v. Poster Exchange, Inc., 305 F.2d 647, 651 (5th Cir. 1962).

### III.  Legal Analysis

First Student argues that it is entitled to summary judgment because "[t]here is absolutely no proof that a bus owned by First Student was involved in any manner in the accident involving the plaintiff."  Mem. in Supp. of Mot. for Summ. J., at 9.  The record shows that Mullen did not see a name, number, or any other detail on the subject bus, which identified it as being either a Madison Central or First Student school bus.  Mot. for Summ. J., Ex. 1 (Mullen Dep.) at 46, 47, 55.  Mullen also testified that he could not identify the driver of the bus.  Id., Ex. 1 (Mullen Dep.) at 91.  Finally, Mullen testified that First Student was named as the defendant in this case because (1) the police officer who responded to the scene of the accident stated that they had had several incidences involving school buses and mentioned the name "First Student" and (2) First Student provided busing services for the City of Madison, Mississippi.  Id., Ex. 1 (Mullen Dep.) at 46, 91-92.

Joe Yarbro ("Yarbro"), an eyewitness to the subject accident, likewise testified that he did not read any lettering on the school bus that indicated the region or district it served; he did not see any numbers on the bus; he could not identify either the owner or operator of the school bus; and he could not provide any physical description – i.e. gender, race, etc. – of the driver.  Id., Ex. 2 (Yarbro Dep.) at 13, 35.   A second eyewitness, Chad Hatten

("Hatten"), testified that he could not definitively state that the school bus was from Madison County; he could not identify the owner of the school bus; he could not provide any description of the bus other than it was yellow in color; and he could not identify the driver.  Id., Ex. 3 (Hatten Dep.) at  17-18, 47.  First Student argues that Mullen's failure to produce evidence regarding whether it owned/operated the school bus involved in the subject accident, coupled with the requirement under Mississippi law that a "plaintiff must show that the party charged is actually responsible for the wrong, with reasonable certainty or definiteness," see Young v. Wendy's Int'l, Inc., 840 So. 2d 782, 784 (Miss. Ct. App. 2003), entitles it to summary judgment on Mullen's claims.

In response, Mullen argues that he can establish the school bus involved in the subject accident was owned/operated by First Student through circumstantial evidence.  In support of this claim, Mullen submitted affidavits from Debbie Jones and Edith Mitchell in which they aver:  First Student provides busing services for all Madison County Schools; Madison Central High School is the only Madison County Public School located on Highland Colony Parkway; and according to the schedule of events, "there were no activities scheduled on May 9, 2005, that would have required the bussing [sic] of students from another school to Madison Central High School."  Resp. to Mot. for Summ. J., Ex. A (Jones Affidavit) at ¶¶ 1-3; Ex. B (Mitchell Affidavit) at ¶ 2.  According to Mitchell's

affidavit, however, additional activities may have been held on May 9, 2005, that were not included on the schedule of events. Id., Ex. B (Mitchell Affidavit) at ¶ 2.

Mullen also submitted affidavits from employees of St. Andrew's Episcopal School and St. Joseph's Catholic School, both of which are located in the general vicinity of Madison Central High School. According to these affidavits, buses providing transportation services for both of these schools did not operate on the section of Highland Colony Parkway where the subject accident occurred, and there were no events scheduled at St. Joseph Catholic School on the date of the accident that would have required the busing of outside students to that school. Id. Ex. C (Lewis Affidavit) at ¶ 2; Ex. D (Duncan Affidavit) at ¶ 2-3. The affidavits, however, do not indicate whether there were any extracurricular activities scheduled at St. Andrew's Episcopal School on May 9, 2005, that would have resulted in the busing of students from neighboring schools to St. Andrew's.

The issue before the Court is whether the circumstantial evidence submitted by Mullen is sufficient to create a genuine issue of material fact regarding whether the school bus allegedly responsible for his injuries was owned/operated by First Student. Mississippi law recognizes that circumstantial evidence may be sufficient to create a jury question regarding the identity/ownership of a vehicle allegedly involved in an accident.

In Merchants Co. v. Tracy, 166 So. 340 (Miss. 1936), for example, Tracy filed a lawsuit claiming she was injured when a truck allegedly owned by the Merchants Company ("Merchants") forced her vehicle off the side of the road. After reviewing the evidence, the Mississippi Supreme Court held:

> It will be observed that [Tracy's] witnesses were positive that the truck involved in the collision was a red one; two of the witnesses stated that it was [a Merchant] truck; three of them testified that it carried [Merchants'] insignia, the big M in a circle. Two other witnesses testified that on the date of this accident Merchant was operating a red truck [on the road where the accident occurred]. The evidence is circumstantial, but when we consider the fact that a truck of this description ... was tracked to within one mile of the scene of the collision, we think reasonable men of fair intelligence would be justified in reaching the conclusion that the truck was owned by [the party against whom the lawsuit was brought].

Id. at 342.

In Cameron v. Hootsell, 90 So. 2d 195 (Miss. 1956), the plaintiff alleged she was injured by a piece of lumber that was thrown from a truck owned/operated by the defendant. According to the plaintiff and witnesses to the accident, the offending truck was red in color, had the name "Hootsell Lumber Company" as well as some other writing painted on its side, and was being operated by a Black driver. The evidence also showed, *inter alia*, that the defendant owned at least one red truck bearing the name "Hootsell Lumber and Supply Company" and his telephone number on its side;

the red truck owned by the defendant was the only red truck in Natchez, Mississippi, in November of 1952; and the red truck was delivering lumber in Natchez on the date the accident occurred. The Mississippi Supreme Court found, based on: "the foregoing facts as testified to by the witnesses and all inferences logically and reasonably to be deduced therefrom ... we are convinced that the evidence presents questions of fact for submission to the jury for the jury's determination as to whether the truck in question was the truck" belonging to the defendant." Id. at 197.

Finally, in Jakup v. Lewis Grocer Co., 200 So. 597 (Miss. 1941), the plaintiff was injured when he was struck by a truck that crossed the center line of the roadway. The plaintiff could not give any description of the offending truck. Two witnesses to the accident testified that the offending truck was red in color with a wooden body and had a brown tarpaulin. One of the witnesses testified that there was writing on the tarpaulin but that he did not read it. Although it was later shown that the defendant owned several red trucks that were equipped with a brown or grayish-brown tarpaulin bearing the words "Lewis Grocer Company", the Mississippi Supreme Court found that the witnesses to the accident had not "attempted to give any identification of the offending ... truck which would distinguish it from tens or hundreds of other like trucks which travel the highways of this State on every business day." Id. at 599. The court additionally found that the evidence

before it did not support a finding that a truck owned/operated by the defendant was in or near the vicinity of the accident. Accordingly, the court found that the decision of the trial judge to grant a peremptory instruction in favor of the defendant on the issue of whether it owned the offending truck had been properly granted.

Based on its review of the preceding Mississippi cases, the Court finds that before the question of vehicle identification may be submitted to a jury, the plaintiff must produce circumstantial evidence on two topics. First, there must be some evidence to show that the allegedly offending vehicle was in the immediate vicinity of the accident site. Second, there must be some evidence identifying the vehicle as being owned/operated by the defendant against whom damages are sought.

In the case *sub judice*, there is no evidence to show that either a Madison Central or First Student school bus was in the vicinity of Mullen's accident at the time it occurred. Although Mullen has submitted evidence that First Student provided busing services for Madison Central High School, which is located on Highland Colony Parkway, see Resp. to Mot. for Summ. J., Ex. A (Jones Affidavit) at ¶¶ 1-3, the Court was not provided any evidence to show that school buses from that facility would have been on the Parkway at the time Mullen was injured. For example, Mullen has not presented any evidence regarding the time at which

9

students were dismissed from Madison Central High School or the time school buses routinely left the campus when transporting students at the end of the class day.[2]

Second, there is no evidence in the record that identifies the offending school bus as being owned/operated by First Student. With the exception of testifying that the subject school bus was yellow and was traveling in procession with two or three other buses, neither Mullen nor the two eyewitnesses could provide any description of the bus or driver that would distinguish it from the tens or hundreds of other like buses which travel the highways of this State on every school day.  See Jakup, 200 So. at 599. Additionally, although Mullen presented evidence to show that school buses from St. Andrew's Episcopal School and St. Joseph's Catholic School did not routinely travel on the section of Highland Colony Parkway where the accident occurred, the affidavits he submitted do not eliminate the possibility that buses from other

---

[2] In its responses to Mullen's interrogatory requests, First Student indicated that there "may have been as many as thirty buses which would have traveled" on Highland Colony Parkway near the intersection of Highway 463 (the approximate site of the accident). This response, however, does not indicate the time at which any of these buses might have been present. See Mot. for Summ. J. Ex 5, Answer to Pl.'s First Set of Interrogs., No. 2.

Similarly, although First Student provided Mullen with the names of thirty-five drivers who may have been operating school buses "on May 9, 2005, at approximately 3:30 p.m. on Highland Colony Parkway near the intersection of Highway 463," Mullen did not depose or seek any other discovery from these individuals to determine whether any of them was indeed operating a First Student school bus in the subject area. Id. Ex 5, Answer to Pl.'s First Set of Interrogs., No. 1.

schools were transporting students for extracurricular activities at St. Andrew's Episcopal School, Madison Central High School, or any other school either in or outside Madison County.

As Mullen has not presented any circumstantial evidence to show either that a school bus owned/operated by First Student was in the vicinity of the subject accident at the time it occurred, or that the offending bus was owned/operated by First Student, the Court finds that First Student is entitled to summary judgment on Mullen's claims.

### IV.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the the Motion of Defendant for Summary Judgment [Docket No. 10] is hereby granted.  A Final Judgment will be entered dismissing this case with prejudice.

SO ORDERED this the 31st day of October, 2006.


                                    s/ William H. Barbour, Jr.
                                    UNITED STATES DISTRICT JUDGE